FAHLSTEDT *v.* LAKE SHORE ENGINE WORKS.

WORK AND LABOR—ACTION—VALUE OF SERVICES—EVIDENCE—
QUANTUM MERUIT.

> Where plaintiff's son, after working a few months under an oral contract of apprenticeship void under the statute of frauds, was discharged and paid his wages as provided by the contract, plaintiff could not recover more on the basis of the price of common labor without showing that his son's services were worth the price of common labor.

Error to Marquette; Stone, J.    Submitted April 7, 1905.    (Docket No. 12.)    Decided May 22, 1905.

Assumpsit by Victor Fahlstedt against the Lake Shore Engine Works for work and labor done.    There was judgment for defendant, and plaintiff brings error.    Affirmed.

Plaintiff's son, with the consent and approval of plaintiff, made a parol agreement with the defendant by which the son, a minor, was to enter defendant's service for four years, to learn the business of a machinist.    A graduated scale of wages was agreed upon.    The son was to receive nothing for the first two months, 50 cents a day for the remainder of the first year, 75 cents a day for the second year, $1 a day for the third year, and $1.50 a day for the fourth year.    The son worked eight months, commencing in March and ending in October, when he was discharged. The son was paid regularly twice a month by check, and the plaintiff received the proceeds of the check.    Plaintiff, the father, now sues to recover for his services at the rate of $1.50 per day, the alleged regular price of day labor, claiming that his son was wrongfully discharged.    The defendant, with his plea of the general issue, gave notice of satisfaction, payment, justification of discharge, and the statute

of frauds. It was conceded upon the trial that the agreement of apprenticeship was void under the statute of frauds. The evidence was conflicting as to the cause of the discharge. The above facts were found by the court before whom the case was tried without a jury, and, as a conclusion of law, the court found that the plaintiff could not recover, on the ground that he had already been paid the contract price for the service of his son.

*Button & Heffernan*, for appellant.

*Ball & Ball*, for appellee.

GRANT, J. (*after stating the facts*). Plaintiff seeks to recover the ordinary price paid laborers for similar work, namely, $1.50 per day. The cause was tried before the court without a jury, and the finding of facts is not such as to justify a judgment in favor of the plaintiff, even if his theory of the law as to the statute of frauds is correct. There is no finding that the plaintiff's son did a man's work, or that his services were worth $1.50 a day. He was paid what the void contract called for. He could recover no more in any event, except upon proof of what his services were worth. The mere fact that laborers were paid $1.50 per day is not evidence that his services were worth that amount.

For these reasons, the judgment must be affirmed.

CARPENTER, McALVAY, MONTGOMERY, and HOOKER, JJ., concurred.